CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RHe

MAR 14 2012

JULIA C. DUDLEY, CLERK
BY: H McDonad
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LARRY RAY JOHNSON, ) | Civil Action No. 7:12-cv-00112 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | MEMORANDUM OPINION | |
| ) | | |
| JOHN DOE, ) | By: Hon. Jackson L. Kiser | |
| Defendant. ) | Senior United States District Judge | |

Larry Ray Johnson, a Virginia inmate proceeding pro se, filed a civil rights complaint, which I construe as pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff did not submit payment of the $350 filing fee with his complaint. See 28 U.S.C. § 1914(a). Plaintiff had at least three non-habeas civil complaints or appeals previously dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted. See, e.g., Johnson v. Saunders, No. 7:92-cv-00820 (W.D. Va. Oct. 26, 1992) (dismissing action without prejudice as either frivolous or malicious, pursuant to 28 U.S.C. § 1915(d)); Johnson v. Lowe, No. 7:92-cv-00792 (W.D. Va. Oct. 15, 1992) (dismissing action without prejudice as either frivolous or malicious, pursuant to 28 U.S.C. § 1915(d)); Johnson v. Saunders, No. 7:92-cv-00601 (W.D. Va. July 31, 1992) (dismissing action without prejudice as either frivolous or malicious, pursuant to 28 U.S.C. § 1915(d)). See also McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (noting that dismissals without prejudice as frivolous should count as a "strike" for purposes of 28 U.S.C. § 1915(g)). In accordance with the three-strikes provision of 28 U.S.C. § 1915(g), the court previously advised plaintiff that he needed to submit the $350.00 filing fee or establish an imminent threat of serious physical harm to proceed with a civil suit. See, e.g., Johnson v. Braxton, No. 7:04-cv-00080, slip op. at 1-2 (W.D. Va. Feb. 19, 2004).

After reviewing plaintiff's submissions in this civil action, it is clear that plaintiff does not allege any facts indicating that he is currently under any imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g). Accordingly, I dismiss the action without prejudice for plaintiff's failure to pay the filing fee at the time of filing the complaint. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after recognizing plaintiff is ineligible to proceed in forma pauperis).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 14th day of March, 2012.

*/s/ Jackson L. Kiser*
Senior United States District Judge

2

Case 7:12-cv-00112-JLK-RSB   Document 2   Filed 03/14/12   Page 2 of 2   Pageid#: 23